NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF**
**CALIFORNIA**

| | |
|---|---|
| RONNEL R. CALADIAO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., and CHASE BANK USA, N.A.,<br><br>Defendants. | Case No.  **'18 CV 2499 JLS  MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CLASS ACTION**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

NOW comes RONNEL R. CALADIAO ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of Defendants ARS NATIONAL SERVICES, INC., and CHASE BANK USA, N.A. as follows:

**INTRODUCTION**

1.     This action is brought as a class action. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated

1

pursuant to Rule 23 of the Federal Rules of Civil Procedure as a result of an unlawful debt collection letter that Defendants sent to him and over 100 other persons.

2.     A copy of the November 16, 2017, collection letter is attached to this Class Action Complaint as **Exhibit A** (the "Collection Letter").

3.     Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA because Defendant treated Plaintiff as if he was a "natural person obligated or allegedly obligated to pay a[] debt."

4.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

5.     The Collection Letter identifies "Chase Bank USA, N.A." as the creditor.

6.     The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).   Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

7.     The Collection Letter is a "communication" as defined by § 1692a(2) because it attempted to collect a debt purportedly owed by Plaintiff to "CHASE BANK USA, N.A."

8.     The Collection Letter identifies a "BALANCE DUE" of $2,135.87.

9.     In relevant part, the Collection Letter states:

> Subject to your rights noted above, one option to resolve your account is to settle your account for the reduced amount of $427.18, a savings of $1,708.69.

* * *

> If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

10.     Chase requires all of its under contact debt collector to utilize the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

11.     The FDCPA makes it unlawful for a debt collector to use "any false, deceptive, or misleading representation or means in connection with the collection of [a] debt." § 1692e.

12.     The RFDCPA incorporates the same statutory prohibitions.

13.     An objective "least sophisticated consumer" standard applies to § 1692e claims as well as claims brought pursuant to the RFDCPA.

14.     Finally, a collection letter can be "literally true" and still be misleading, *Gonzales v. Arrow Fin. Servs*., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011).

15.     The Consumer Financial Protection Bureau ("CFPB"), has opined that it may be a deceptive practice for debt collectors to tout that the payment of debts may improve a consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive.  *See* CFPB Bulletin 2013-08, Representations Regarding Effect of Debt Payments on Credit Reports and Scores (July 10, 2013).[1]

## PARTIES, JURISDICTION AND VENUE

16.     Plaintiff is a citizen and resident of the State of California and resides in the Southern District of California.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.     Defendant ARS NATIONAL SERVICES, INC. ("ARS") is incorporated and headquartered in Escondido, California, which is located in this District.

19.     Defendant ARS is regularly engaged in the collection of consumer debts.

20.     Defendant ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

---

[1] See, http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collectionsconsumer-credit.pdf

21.     Defendant ARS was conducting substantial and continued debt collection related activities within the 50 States that comprise the United States, including the State of California, and continues to do so.

22.     Defendant CHASE BANK USA, N.A ("Chase") is incorporated under the laws of Delaware and its principal place of business is located in Wilmington, Delaware.

23.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

24.     Venue is proper under 28 U.S.C. §1391(b) because Plaintiff lives in this District, Defendant ARS is incorporated and headquartered in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District (the creation and transmission of the subject letter).

## GENERAL ALLEGATIONS

25.     The Collection Letter is a standard form letter utilized by Defendant ARS.

26.     The Collection Letter is a standard form letter that has been mailed by Defendant ARS to consumers in the United States and the State of California.

27.     The Collection Letter is a standard form letter that has been mailed by Defendant ARS to consumers to collect consumer debts allegedly owed to Chase.

28.     When Defendant ARS mailed the Collection Letter to Plaintiff, Defendants were attempting to collect a consumer debt as defined by the FDCPA because the alleged debt was incurred for personal and/or household items.

29.     When Defendant ARS mailed the Collection Letter to Plaintiff, Defendants were attempting to collect a debt that Plaintiff allegedly owed to Chase.

30.     Plaintiff contends that following language violated the FDCPA:

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or

4

services, or may deny your application.

31.    The Collection Letter violates the FDCPA and the RFDCPA because the Collection Letter is worded in a misleading and deceptive manner from the perspective of the least sophisticated consumer, because the Collection Letter is written to suggest that a consumer may *increase* his or his likelihood of being approved for a future Chase product or services if he or he declines the settlement offer and pays back the subject debt in full.

32.    At the same time, Collection Letter violates the FDCPA and the RFDCPA because the Collection Letter is worded in a misleading and deceptive manner from the perspective of the least sophisticated consumer, because the Collection Letter is written to suggest that a consumer may *decrease* his or his likelihood of being denied credit in the future by Chase if he or he declines the settlement offer and pays back the subject debt in full.

33.    Although the Collection Letter is not expressly phrased to suggest that a consumer may or will *improve* his or his creditworthiness or *improve* his or his chances of receiving favorable terms on a Chase product in the future, the Collection implies and can be read to suggest that f*ailing to pay the full amount of the subject debt* will and/or could result in the consumer being denied favorable terms.

34.    Similarly, although the Collection Letter is not expressly phrased to suggest that a consumer may or will improve his or his chances of having a loan approved by Chase, the Collection implies and can be read to suggest that f*ailing to pay the full amount of the subject debt* will and/or could result in the consumer being denied credit by Chase.

35.    The following scenario is suggested by the objected to words.

   A. Consumers Jane Doe and John Doe both took out a Chase credit card and defaulted on their payment obligations and both owe Chase.

   B. Jane Doe and John Doe have a similar FICO score of 675.

5

C.  Jane Doe and John Doe both receive collection letters from Defendants that offers a reduced payment amounts.

D.  Jane Doe's letter offers to settle with his for $427.18, a savings of $1,708.69, or a 75% reduction in the amount of Jane's debt.

E.  John Doe's letter offers to settle with his for $52.17, a savings of $1,808.69, or a 75% reduction in the amount of John's debt.

F.  Both letters contain the phrase:

> If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

G.  Consumer Jane Doe pays the full amount because he wants to enhance his chances of having a loan approved by Chase and receiving the most favorable terms from Chase.

H.  Consumer John Doe wants to enhance his chances of having a loan approved by Chase and receiving the most favorable terms from Chase, but he can only afford to pay the reduced settlement amount of $427.18.

36.    Under the above scenario, both Jane Doe and John Doe have owed Chase money and it required Chase to hire a debt collector to collect the subject debts, which resulted in Chase granting ARS 25% of any recovery.

37.    Under the above scenario, Jane Doe should receive more favorable terms than John Doe because Chase will have recovered more of the defaulted debt of Jane Doe as opposed to John Doe.

38.    But on information and belief, because both Jane Doe and John Does defaulted on their credit card obligations, Chase would not offer any favorable terms to Jane Doe and John Doe.

39.    In fact, because both Jane Doe and John Doe defaulted on their payment obligations, it is highly plausible that Chase would not offer any Jane Doe and John Doe future Chase product or services.

40.    On information and belief, because both Jane Doe and John Does defaulted on their credit card obligations, Chase would equally deny Jane Doe and John Doe's applications.

41.    Notably, persons most impacted by misleading and/or deceptive language are least sophisticated and/or unsophisticated consumers, who generally have limited means and limited credit.

42.    The quoted language violates the FDCPA and the RFDCPA for the following reasons.

43.    The above quoted language attempted to influence Plaintiff's thought process with regard to paying off the subject debt by informing his that it would *not be beneficial* for his to settle the debt by paying less than the amount he allegedly owed.

44.    The above quoted language attempted to influence Plaintiff's thought process with regard to paying off the subject debt by informing his that it would *be beneficial* for his to pay the amount he allegedly owed.

45.    The above quoted language attempted to influence Plaintiff's thought process with regard to paying off this debt by warning Plaintiff that if he paid "less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services."

46.    The above quoted language attempted to influence Plaintiff's thought process with regard to paying off this debt by warning Plaintiff that if he paid "less than the full outstanding balance" Chase "may deny your application."

47.    This language was intended to give debtors like Plaintiff a confusing, Hobson's Choice.

48.     On information and belief, this above quoted statement is false, misleading and/or deceptive because Defendant Chase would not have offered Plaintiff more favorable terms if he paid off his entire debt.

49.     Rather, by falling behind on payments, having his account charged off and sent to outside collections, it is highly plausible that Plaintiff *was not in good standing with Chase*.

50.     Because Plaintiff behind on payments, had his account charged off and sent to outside collections, it is highly plausible that Plaintiff *could never be in* good standing with Chase, even if he fully paid off the subject debt.

51.     Accordingly, by falling behind on payments, having his account charged off and sent to outside collections, it is highly plausible that Chase *would not* offer or provide Plaintiff with any loan, product or services from Chase, even if he paid back the full amount of his debt.

52.     Simply stated, on information and belief, even if an outside collection agency would have collected the full amount owed, because the amount collected would have been reduced by up to 33% as a result of Defendant's contingency-based collection fee, it is highly plausible that Chase would be unlikely to offer Plaintiff any loan, product or service in the future.

53.     Additionally, the quoted language was false, misleading and deceptive because the language talks in hypotheticals – despite urging consumers to pay the full amount of the debt.

54.     For example, if a consumer desired to save money by settling the debt for less than the amount owed, he/he would be confused, mislead and/or deceived by the letter's ambiguous statement that Chase "may" respond to the lesser payment amount by offering the consumer less favorable terms for some unspecified Chase products.

55.     By way of further example, if a consumer desired to save money by settling the debt for less than the amount owed, he/he would be confused, mislead and/or deceived by the letter's ambiguous statement that Chase "may" respond to the lesser payment amount by offering the consumer less favorable terms for some unspecified Chase services.

56.     The letter purposefully does not make the following clear statement: "if you pay the full amount owed, rather than the discounted settlement offer, Chase *will* offer you more favorable terms in the future for some Chase products or services."

57.     As a result of this false, misleading and deceptive language, a consumer could be misled into thinking that he/he would in fact receive more favorable terms in the future for some Chase products or services when this would not be the case.

58.     In summary, the above quoted language falsely, misleadingly and deceptively described what will happen if a consumer pays the "full outstanding balance."

59.     Alternatively, if a consumer desired to save money by settling the debt for less than the amount owed, the above quoted language falsely, misleadingly and deceptively suggested Chase "may" respond to the lesser payment amount by denying the consumer's application for some unspecified Chase product or service

60.     The letter was drafted to convey to recipients that Chase would offer "less favorable terms in the future for some Chase products or services" unless recipient paid the total amount he/he owed.

61.     When Chase presented the quoted language to Plaintiff, it was Chase's desire to receive the largest recovery for each amount owed.

62.     When Chase presented the quoted language to Plaintiff, it was Chase's desire to discourage recipients from paying the discounted offer.

63.     The letter was drafted to convey to recipients that Chase would *not* "deny" an "application" if Plaintiff and the proposed class members would pay every cent owed.

64.     On information and belief, Chase would *not* "offer less favorable terms in the future for some Chase products or services" if a debtor paid less than the total amount owed.

65.     On information and belief, Chase would *not* "deny [an] application" if a consumer paid less than the total amount owed.

66.     On information and belief, Chase would *not* offer *more favorable* "terms in the future for some Chase products or services" if a debtor paid the total amount owed.

67.     On information and belief, Chase would *not* offer *more favorable* "terms in the future for some Chase products or services" if a debtor paid the total amount owed because of the fact that the debt has been charged off.

68.     On information and belief, Chase would "deny [an] application" if a debtor paid the total amount owed.

69.     On information and belief, Chase would "deny [an] application" if a debtor paid the total amount owed because of the fact that the debt has been charged off.

70.     Under the language utilized by Defendant, the language was intended (or at least had the result) to urge debtors to settle for the full amount owed.

71.     The quoted language violates Section 1692e of the FDCPA because the language is confusing, false, deceptive and/or misleading to the Plaintiff and is likely to be viewed the same way by the "least sophisticated consumer."

72.     The quoted language violates Section 1692f of the FDCPA because the confusing language is an "unfair or unconscionable means to collect or attempt to collect" a debt.

73.    Because the quoted language would plausibly lead class members to pay the full amount of the debt owed, the quoted language would benefit Defendant to the extent that Defendant would earn higher commissions if debtors paid the full amount owed.

74.    On information and belief, it is plausible that class members were confused by the letter and did not pay any amount of the debt identified on the letter.

75.    It is plausible that class members may have had to consult with legal counsel in order to ascertain their rights under the FDCPA.

76.    It is plausible that class members were confused by the letter *and chose to pay the full amount of their debt* to *avoid having Chase offer them* "less favorable terms in the future for some Chase products or services[.]"

77.    It is plausible that class members were confused by the letter *and chose to pay the full amount of their debt* to *avoid having Chase* "deny their application."

78.    The subject language was confusing, false, deceptive and/or misleading violates the FDCPA because Chase would be unlikely to grant a class member more "favorable terms in the future for some Chase products or services" if the class member paid the debt in full.

79.    The subject language was confusing, false, deceptive and/or misleading violates the FDCPA.  Chase would be unlikely to grant a class member more "favorable terms in the future for some Chase products or services" if the class member paid the debt in full because of the fact that the class member incurred a previously unpaid debt, the debt was charged off, or alternatively, the debt would never be fully recouped because Chase would have to pay a collection fee to Defendant – if Chase still owned the debt.

80.    The subject language was confusing, false, deceptive and/or misleading in violation the FDCPA because Chase would be unlikely to grant a class member's application if the class member paid the debt in full.

11

81.     The subject language was confusing, false, deceptive and/or misleading in violation of the FDCPA because Chase would be unlikely to grant a class member's application if the class member paid the debt in full because of the fact that the class member incurred a previously unpaid debt, the debt was charged off, or alternatively, the debt would never be fully recouped because Chase would have to pay a collection fee to Defendant – if Chase still owned the debt.

82.     Additionally,  the below quoted sentence, the collection letter does not define the word "Chase":

> If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

83.     An unsophisticated consumer would be confused by the undefined use of the word "Chase" in the above quoted language.

84.     Nowhere on the collection letter is the word "Chase" limited to just Chase Bank USA, N.A.

85.      "Chase" is listed as a trademark of JPMorgan Chase Bank, N.A. on the website https:///chase.com

86.     JPMorgan Chase Bank, N.A. conducts business as "Chase Bank."

87.     Chase Bank, N.A. operates as a subsidiary of J.P. Morgan Equity Holding, Inc.

88.     JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.

89.     A true and accurate screen capture of the bottom section of the website https:///chase.com taken on October 3, 2018, reveals the following:



90.     The website https:///chase.com lists various types of "accounts" as depicted in a true and accurate screen capture taken on October 3, 2018:



91.     The use of the undefined word "Chase" in the phrase "Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your

application" implicates an unlimited assortment of financial products that are broadly and loosely associated with the name "Chase."

92.   The above quoted phrase is not limited to products associated with the underlying account, with "CHASE BANK USA, N.A."

93.   The use of the undefined word "Chase" in the above quoted phrase would plausibly cause an unsophisticated or least sophisticated consumer to be confused by the undefined use of the word "Chase" in the above quoted language.

94.   The use of the undefined word "Chase" in the above quoted phrase would plausibly cause an unsophisticated or least sophisticated consumer to pay off the entire amount of the subject debt (rather than accept the proposed settlement amount) in order to not be deprived of undefined "Chase products or services."

95.   The use of the undefined word "Chase" in the above quoted phrase would plausibly cause an unsophisticated or least sophisticated consumer to pay off the entire amount of the subject debt (rather than accept the proposed settlement amount) in order to not be to have some "application" for "Chase products or services" be denied.

**CLASS ALLEGATIONS SUPPORTING THE BELOW CAUSES OF ACTION**

96.   Plaintiff incorporates the above paragraphs into this Section.

97.   This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

98.   Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the United States.

99.   Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the State of California.

14

100.    Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the confines of the United States District Court for the Southern District of California.

101.    On information and belief, more than forty persons with addresses within the State of California paid the full balance owed on the collection letter that they received after they received a collection letter from Defendant containing the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

102.    There are common questions of law and fact between Plaintiff's claims and those of the class.

103.    Common issues predominate over any issues involving only individual class members.

104.    The principal issues are: (a) whether Defendant's use of the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application" violates the Fair Debt Collection Practices Act; (b) whether class members paid their debts in full because of or as a result of the above quoted language; and (c) whether the choice of the word "Chase" in the quoted language was confusing, deceptive and/or misleading in violation of the FDCPA.

105.    Plaintiff's claims are typical of the class members, as his claims are based upon the same facts and legal theories as the proposed class members.

106.    Plaintiff will fairly and adequately protect the interests of the proposed Class.

107.    Plaintiff has no interests that conflict with the interests of Class members.

108.    Plaintiff has retained counsel with experience in litigating, defending and settling consumer lawsuits and complex legal issues, and class actions.

109.    In particular, Plaintiff's undersigned counsel has retained attorney James C. Vlahakis who is an experienced consumer class action litigator who has defended over a hundred consumer-based claims.

110.    Mr. Vlahakis began defending consumer class actions in 1998 and continued to do so as a defense attorney through 2017.

111.    Mr. Vlahakis has litigated over a hundred consumer-based causes of actions, including, but no limited to dozens of FDCPA putative class actions.  Mr. Vlahakis has also defended and prosecuted dozens of putative class actions brought pursuant to the Telephone Consumer Protection Act ("TCPA") in both federal and state court.

112.    In conjunction with counsel for the class putative members, Mr. Vlahakis has obtained Court approval of FDCPA and TCPA class class-bases settlements.  *See, e.g., In Re Capital One Telephone Consumer Protection Act Litigation*, 2012-cv-10064 (N.D. Ill.) ($75 million dollar ATDS based settlement); *Prater v. Medicredit, Inc.*, 2014-cv-0159 ($6.3 million dollar ATDS wrong party settlement); *INSPE Associates v. CSL Biotheraprries, Inc*. (N.D. Ill.) ($3.5 million fax based settlement).

113.    Mr. Vlahakis has litigated and defeated TCPA based class certification motions. *See, e.g., Jamison v. First Credit Services, Inc.* 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013).  *See also*, *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012).

114.    This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying

adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

115.    As set forth above, Plaintiff's claims are typical of the claims of the proposed class members, claims all arise from the same operative facts and are based on the same legal causes of action.  Further, as set forth above, common questions predominate over any potential individual issues.  In particular, common questions of proof predominate over any potential individual issues.

116.    A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.  Injunctive relief in the form of disgorgement of unlawful payments received by Defendant can be accomplished on a classwide basis.

117.    The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, as well as the absence of a fee shifting mechanism.

**CAUSES OF ACTION**

**COUNT I – Violations of 15 U.S.C. § 1692e Against Defendant ARS\**

118.    Plaintiff incorporates the above paragraphs into this Count as if fully set forth.

119.    This Count is being brought in Plaintiff's individual capacity and as a putative class representative.

120.    As alleged above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692e because the language constitutes a false, deceptive or misleading representation or means to collect a debt.

121.    Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

WHEREFORE, Plaintiff RONNEL R. CALADIAO respectfully requests judgment as follows:

     a.  declare that Defendant ARS's actions violate the FDCPA;

     b.  certify this action as a class action;

     c.  appoint Plaintiff as Class Representatives of the Class;

     d.  appoint his attorneys as Class Counsel;

     e.  award damages against Defendant ARS pursuant to 15 U.S.C. § 1692k;

     f.  order disgorgement of an monies collected as a result of the operative effect of the subject language;

     g.  award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

     h.  grant all other relief that the Court determines is just and proper.

**COUNT II - Violations of 15 U.S.C. § 1692e(2)(A) Against Defendant ARS**

122.    Plaintiff incorporates the above paragraphs into this Count as if fully set forth.

123.    This Count is being brought in Plaintiff's individual capacity and as a putative class representative.

124.    As alleged above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692e(2)(A) because the language constitutes a false representation regarding character or legal status of the alleged debts.

125.    Defendant ARS was not required by the FDCPA to include the quoted language in order to comply with the FDCPA.

126.    Because the above quoted language was not required to comply with the FDCPA, it constitutes false representation regarding character or legal status of the alleged debts and the impact that partial or full payment may have on a debt.

127.    By making a false representation regarding character or legal status of the alleged debts *and the impact that partial or full payment may have on a debt*, Defendant violated the FDCPA.

128.    Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

WHEREFORE, Plaintiff RONNEL R. CALADIAO respectfully requests judgment as follows:

a.   declare that Defendant ARS's actions violate the FDCPA;

b.   certify this action as a class action;

c.   appoint Plaintiff as Class Representatives of the Class;

d.   appoint his attorneys as Class Counsel;

e.   award damages against Defendant ARS pursuant to 15 U.S.C. § 1692k;

f.   order disgorgement of an monies collected as a result of the operative effect of the subject language;

g.   award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

h.   grant all other relief that the Court determines is just and proper

**COUNT III - Violations of 15 U.S.C. § 1692e(10) Against Defendant ARS**

129.    Plaintiff incorporates the above paragraphs into this Count as if fully set forth.

130.    This Count is being brought in Plaintiff's individual capacity and as a putative class representative.

131.    For the reasons set forth above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692e(10) of the FDCPA because the language constitutes a false representation or deceptive means to collect or attempt to collect a debt.

132.    Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

19

WHEREFORE, Plaintiff RONNEL R. CALADIAO respectfully requests judgment as follows:

    a.   declare that Defendant ARS's actions violate the FDCPA;

    b.   certify this action as a class action;

    c.   appoint Plaintiff as Class Representatives of the Class;

    d.   appoint his attorneys as Class Counsel;

    e.   award damages against Defendant ARS pursuant to 15 U.S.C. § 1692k;

    f.   order disgorgement of an monies collected as a result of the operative effect of the subject language;

    g.   award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    h.   grant all other relief that the Court determines is just and proper.

**COUNT IV - Violations of 15 U.S.C. § 1692f Against Defendant ARS**

133.    Plaintiff incorporates the above paragraphs into this Count as if fully set forth.

134.    This Count is being brought in Plaintiff's individual capacity and as a putative class representative.

135.    For the reasons set forth above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692f because the language constitutes the use of an unfair or unconscionable means to collect a debt.

136.    Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

WHEREFORE, Plaintiff RONNEL R. CALADIAO respectfully requests judgment as follows:

    a.   declare that Defendant ARS's actions violate the FDCPA;

    b.   certify this action as a class action against Defendant ARS;

    c.   appoint Plaintiff as Class Representatives of the Class;

d.  appoint his attorneys as Class Counsel;

e.  award damages against Defendant ARS pursuant to 15 U.S.C. § 1692k;

f.  order disgorgement of an monies collected as a result of the operative effect of the subject language;

g.  award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

h.  grant all other relief that the Court determines is just and proper.

### PROPOSED FDCPA CLASSES AGAINST DEFENDANT ARS

137.    With regard to the collection letter's use of the phrase, "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application" (the "Disclosure"), the proposed Disclosure Class can be defined as follows:

**Proposed Disclosure – for the State of California**

(a) all persons who were sent a collection letter in substantially the same form letter as Collection Letter or a collection letter that uses the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the State of California; and (c) where the subject letters were sent between November 16, 2017, to the last date the subject language was utilized by Defendant.

138.    Alternatively, depending on the amount of letters sent and Defendant ARS's net worth, the proposed class could be defined as:

**Proposed Disclosure Class – for Southern District of California**

(a) all persons who were sent a collection letter in substantially the same form letter as Collection Letter or a collection letter that uses the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the boundaries of United States District Court for the Southern District California; and (c) where the subject letters were sent between November 16, 2017, to the last date the subject language was utilized by Defendant.

139.    On information and belief, Defendant ARS received payments in full from putative class members of the Disclosure Class because of or as a result of the above quoted language.

140.    Accordingly, a sub-class of the Proposed Payment Class can be defined as follows:

**Proposed Payment Class – State of California**

(a) all persons who were sent a collection letter in substantially the same form letter as Collection Letter or a collection letter that uses the phrase: "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the State of California; (c) where persons made payments in full relative to the debts referenced in the Collection Letters; and (d) where the subject letters were sent between November 16, 2017, to the last date the subject language was utilized by Defendant.

141.    Alternatively, depending on the amount of letters sent and Defendant ARS's net worth, the Proposed Payment Class could be defined as:

**Proposed Payment Class – for Southern District of California**

(a) all persons who were sent a collection letter in substantially the same form letter as Collection Letter or a collection letter that uses the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the boundaries of United States District Court for the Southern District California; (c) where persons made payments in full relative to the debts referenced in the Collection Letters; and (d) where the subject letters were sent between November 16, 2017, to the last date the subject language was utilized by Defendant.

142.    The identities of class members in both proposed classes are readily ascertainable from Defendants' records.

143.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because the use

of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

144.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

145.   Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

146.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

147.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

148.   Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

149.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**COUNT V – Violations of the Rosenthal Act vs. Defendants ARS and Chase**

150.   Plaintiff incorporates the above paragraphs into this Count as if fully set forth.

151.   Plaintiff brings this claim in his individual capacity.

152.   Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

153.   The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

154.   Defendants ARS and Chase a "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

155.   The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

156.   The RFDCPA has been held to apply to creditors like Chase. *See, e.g., Thompson v. Chase Bank, N.A.*, 2010 WL 1329061, at *3 (S.D. Cal. March 30, 2010) (refusing to dismiss Rosenthal Act claims alleging that collection calls made on Easter Sunday, Memorial Day and Mothers' Day were at "inconvenient" or "unusual" times).

157.   As set forth above, the Collection Letter violates the FDCPA, and for the same reasons, the Collection Letter violates the RFDCPA.

WHEREFORE, Plaintiff, RONNEL R. CALADIAO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Declare that Defendant ARS and Defendant Chase's practices complained of herein are unlawful and violate the aforementioned statute;

    b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.   Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e.   Award any other relief as the Honorable Court deems just and proper.

Dated: October 31, 2018           Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com